# UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### BOSTON DIVISION

In re: LOURIVAL BRANDAO LEAL  
Debtor(s)

Case No.: 10-20910-MSH

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Carolyn A. Bankowski, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. Section 1302(b)(1). The trustee declares as follows:

1) The case was filed on 10/05/2010.
2) The plan was confirmed on 11/01/2010.
3) The plan was modified by order after confirmation pursuant to 11 U.S.C Section 1329 on NA.
4) The trustee filed action to remedy default by the debtor in performance under the plan on 11/23/2010, 11/23/2010.
5) The case was completed on 12/23/2015.
6) Number of months from filing or conversion to last payment: 62.
7) Number of months case was pending: 64.
8) Total value of assets abandoned by court order: NA.
9) Total value of assets exempted: NA.
10) Amount of unsecured claims discharged without full payment: 179,186.86.
11) All checks distributed by the trustee relating to this case have cleared the bank.

**Receipts:**

| | |
|---|---|
| Total paid by or on behalf of the debtor: | $39,900.00 |
| Less amount refunded to debtor: | $.00 |
| **NET RECEIPTS:** | $39,900.00 |

**Expenses of Administration:**

| | |
|---|---|
| Attorney's Fees Paid Through The Plan: | $2,050.00 |
| Court Costs: | $.00 |
| Trustee Expenses and Compensation: | $2,181.53 |
| Other: | $.00 |
| **TOTAL EXPENSES OF ADMINISTRATION:** | $4,231.53 |
| Attorney fees paid and disclosed by debtor: | $.00 |

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| ASSET ACCEPTANCE LLC | Unsecured | 3,317.27 | 3,311.27 | 3,311.27 | 80.37 | .00 |
| ASSET ACCEPTANCE LLC | Unsecured | 1,060.32 | 1,060.32 | 1,060.32 | 25.74 | .00 |
| ASSET ACCEPTANCE LLC | Unsecured | 3,115.94 | 3,115.94 | 3,115.94 | 75.63 | .00 |
| BANK OF AMERICA N.A. | Unsecured | 13,115.00 | NA | NA | .00 | .00 |
| CAMBRIDGE HEALTH ALLIANCE | Unsecured | 20.00 | NA | NA | .00 | .00 |
| CHASE BANK USA NA | Unsecured | 4,756.00 | NA | NA | .00 | .00 |
| CHASE HOME EQUITY | Secured | 1.00 | 1,640.85 | .00 | .00 | .00 |
| CHASE HOME FINANCE | Secured | 161,223.00 | NA | NA | .00 | .00 |
| CHASE HOME FINANCE | Unsecured | 119,223.00 | 119,223.00 | 119,223.00 | 2,893.75 | .00 |
| CHASE HOME FINANCE LLC | Secured | 31,482.15 | 31,482.15 | 29,811.40 | 29,811.40 | .00 |
| CITIBANK/SEARS | Unsecured | 4,818.00 | NA | NA | .00 | .00 |
| GE MONEY BANK | Unsecured | 2,844.84 | NA | NA | .00 | .00 |
| HSBC BEST BUY | Unsecured | 2,527.00 | NA | NA | .00 | .00 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

In re: LOURIVAL BRANDAO LEAL

Case No.: 10-20910-MSH

Debtor(s)

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| INTERNAL REVENUE SERVICE | Priority | 2,324.93 | 2,324.93 | 2,324.93 | 2,324.93 | .00 |
| INTERNAL REVENUE SERVICE | Unsecured | 1.00 | 45.34 | 45.34 | 1.10 | .00 |
| JP MORGAN CHASE BANK N.A. AS TRU | Unsecured | NA | .00 | .00 | .00 | .00 |
| MIDLAND FUNDING | Unsecured | 3,006.00 | NA | NA | .00 | .00 |
| MIDLAND FUNDING LLC | Unsecured | 5,223.89 | 5,223.89 | 5,223.89 | 126.79 | .00 |
| MIDLAND FUNDING LLC | Unsecured | 229.51 | 229.51 | 229.51 | 5.57 | .00 |
| NCO PORTFOLIO MANAGMENT | Unsecured | 1,818.43 | 1,818.43 | 1,818.43 | 44.14 | .00 |
| PORTFOLIO RECOVERY ASSOCIATES | Unsecured | 3,310.00 | 3,309.82 | 3,309.82 | 80.34 | .00 |
| PORTFOLIO RECOVERY ASSOCIATES | Unsecured | 1,194.00 | 1,115.00 | 1,115.00 | 27.06 | .00 |
| PRA RECEIVABLES MGT., LLC | Unsecured | 1,055.00 | 965.55 | 965.55 | 23.44 | .00 |
| RBS CARD SERVICES | Unsecured | 2,598.00 | NA | NA | .00 | .00 |
| RBSNB | Unsecured | 2,598.00 | NA | NA | .00 | .00 |
| VION HOLDINGS, LLC | Unsecured | 5,154.09 | 5,154.09 | 5,154.09 | 125.10 | .00 |
| WELLS FARGO FINANCIAL | Unsecured | 912.00 | NA | NA | .00 | .00 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### BOSTON DIVISION

In re: LOURIVAL BRANDAO LEAL  
Debtor(s)

Case No.: 10-20910-MSH

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| ZENITH AQUISITION CORP | Unsecured | 952.00 | 952.00 | 952.00 | 23.11 | .00 |

**Summary of Disbursements to Creditors:**

| | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing: | .00 | .00 | .00 |
| Mortgage Arrearage: | 29,811.40 | 29,811.40 | .00 |
| Debt Secured by Vehicle: | .00 | .00 | .00 |
| All Other Secured: | .00 | .00 | .00 |
| **TOTAL SECURED:** | 29,811.40 | 29,811.40 | .00 |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage: | .00 | .00 | .00 |
| Domestic Support Ongoing: | .00 | .00 | .00 |
| All Other Priority: | 2,324.93 | 2,324.93 | .00 |
| **TOTAL PRIORITY:** | 2,324.93 | 2,324.93 | .00 |
| **GENERAL UNSECURED PAYMENTS:** | 145,524.16 | 3,532.14 | .00 |

**Disbursements:**

| | | |
|---|---|---|
| Expenses of Administration: | $4,231.53 | |
| Disbursements to Creditors: | $35,668.47 | |
| **TOTAL DISBURSEMENTS:** | | $39,900.00 |

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Date: 10/25/2016      By: /s/Carolyn A. Bankowski  
                              Trustee

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. Section 1320.4(a)(2) applies.